```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

MICHAEL OKPOR,

    Plaintiff,

v.

KANDE DABO, et al.,

    Defendants.

1:19-cv-09914-NLH-JS

**MEMORANDUM OPINION & ORDER**

**APPEARANCES:**

MICHAEL OKPOR
PO BOX 604
BERLIN, NJ 08009

    *Plaintiff appearing pro se*

**HILLMAN**, District Judge

    WHEREAS, Plaintiff, Michael Okpor, appearing *pro se*, filed a complaint[1] against Defendants, claiming that Defendants acted as his shipping agents, but instead of transporting his shipping containers to the appropriate African country, Defendants diverted his containers loaded with $230,000 in auto and truck parts to a different African country; and

    WHEREAS, Plaintiff claims that Defendants breached their

---

[1] Plaintiff filed his complaint in the Eastern District of Pennsylvania, which *sua sponte* and without prior notice to Plaintiff transferred Plaintiff's case to this Court for improper venue. (Docket No. 4.) Plaintiff filed an objection to the transfer (Docket No. 5), but it was received after the case had already been transferred (Docket No. 6).

contract with him and also conspired to commit the theft of his property; and

 WHEREAS, Plaintiff has filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application), and pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application; and

 WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J.2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (other citations omitted); and

 WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Department of Homeland Security, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6)

and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, it appears that Plaintiff's complaint is sufficient to satisfy the § 1915 IFP screening process; but

WHEREAS, federal courts have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation, <u>Zambelli Fireworks Mfg. Co., Inc. v. Wood</u>, 592 F.3d 412, 418 (3d Cir. 2010); <u>Lincoln Ben. Life Co. v. AEI Life, LLC</u>, 800 F.3d 99, 104 (3d Cir. 2015) (citations omitted); and

WHEREAS, Plaintiff avers that this Court has jurisdiction over this matter based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332(a); but

WHEREAS, the parties' citizenship as stated by Plaintiff in his complaint shows that they are not diverse because Plaintiff and two of the Defendants are citizens of New Jersey, see <u>Lincoln Benefits</u>, 800 F.3d at 104 ("For over two hundred years, [28 U.S.C. § 1332(a)] has been understood as requiring complete diversity between all plaintiffs and all defendants, . . . [which] means that . . . no plaintiff [may] be a citizen of the same state as any defendant."); and

WHEREAS, it appears, however, that Plaintiff also checked the box for "Federal Question" and "Marine Contract" on the

forms submitted along with his complaint (Docket No. 2 at 1, 4); and

WHEREAS, it further appears that Plaintiff's claims against his shipping agents regarding the transport of his goods by sea invoke admiralty jurisdiction, see 28 U.S.C. § 1333 (providing that "the district courts shall have original jurisdiction, exclusive of the courts of the States, of any civil case of admiralty or maritime jurisdiction"); see also Berkshire Fashions, Inc. v. M.V. Hakusan II, 954 F.2d 874, 880 (3d Cir. 1992) (explaining that when a shipping agent promises to perform maritime services, and the contract concerns the transport of goods on the sea, the court may assert admiralty jurisdiction over the case);

THEREFORE,

IT IS on this __16th__ day of __April__, 2019

ORDERED that Plaintiff's IFP application (Docket No. 1) be, and the same hereby is, GRANTED, and the Clerk is directed to file Plaintiff's complaint; and it is further

ORDERED that pursuant to 28 U.S.C. § 1915(d) the Clerk shall issue summons and the United States Marshal shall serve summons, the Complaint, and this Order upon Defendants, with all costs of service advanced by the United States.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.