```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

MICHAEL OKPOR,

        Plaintiff,

  v.

KANDE DABO, et al.,

        Defendants.

1:19-cv-09914-NLH-JS

**MEMORANDUM OPINION & ORDER**

**APPEARANCES**:

MICHAEL OKPOR
PO BOX 604
BERLIN, NJ 08009

    Plaintiff appearing *pro se*

**HILLMAN, District Judge**

    WHEREAS, Plaintiff, Michael Okpor, appearing *pro se*, filed a complaint against Defendants, claiming that Defendants acted as his shipping agents, but instead of transporting his shipping containers to the appropriate African country, Defendants diverted his containers loaded with $230,000 in auto and truck parts to a different African country;[1] and

---

[1] Plaintiff filed his complaint in the Eastern District of Pennsylvania, which *sua sponte* and without prior notice to Plaintiff transferred Plaintiff's case to this Court for improper venue. (Docket No. 4.) Plaintiff filed an objection to the transfer (Docket No. 5), but it was received after the case had already been transferred (Docket No. 6). Plaintiff's claims against his shipping agents regarding the transport of his goods by sea invoke admiralty jurisdiction. See 28 U.S.C. § 1333; Docket No. 8 at 4.

WHEREAS, Plaintiff claims that Defendants breached their contract with him and also conspired to commit the theft of his property; and

WHEREAS, pending before Court is Plaintiff's "APPLICATION/ORDER TO ENTER DEFAULT JUDGMENT" (Docket No. 19); and

WHEREAS, Rule 55 provides that obtaining a default judgment is a two-step process: first, when a defendant has failed to plead or otherwise respond, a plaintiff may request the entry of default by the Clerk of the Court, Fed. R. Civ. P. 55(a), and second, after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court, Fed. R. Civ. P. 55(b); and

WHEREAS, on September 24, 2019, Plaintiff requested the entry of default by the Clerk as to Defendants, and the Clerk entered default as to Defendants Kande Dabo and Carlo Shipping International Inc. that day;[2] and

WHEREAS, Plaintiff is seeking a sum certain for Defendants'

---

[2] Defendant Billor Jabbie filed an answer, *pro se*, on July 2, 2019. (Docket No. 13.) Plaintiff also requested default as to Defendant Carlos Rodriguez, but the Clerk did not enter default because Plaintiff did not provide proof of service on Carlos Rodriguez.

breach of an admiralty shipping contract in the amount of $230,000.00;

Therefore,

IT IS HEREBY on this   24th   day of  August  , 2020

ORDERED that the Clerk of the Court is directed to enter the judgment of default, pursuant to Fed. R. Civ. P. 55(b)(1), in favor of Plaintiff and against Defendants Kande Dabo and Carlo Shipping International Inc. each in the sum of $230,000.00;[3] and it is further

ORDERED that the action may proceed to discovery before the

---

[3] Because Plaintiff's complaint claims that all Defendants contracted with him to ship his container to Africa and they conspired to steal its contents (Docket No. 2 at 5), Plaintiff's claims can be construed to assert joint and several liability against each Defendant such that judgment against one or more of them may be entered.  See Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 405 (3d Cir. 1993) (noting that "a strong trend in favor of a principle that co-signers or co-obligors on a contract are jointly and severally liable for its performance," the Third Circuit has concluded that if an agreement "can be construed or interpreted as a contract imposing joint and several liability on its co-obligors, . . . complete relief may be granted in a suit against only one of them.") (citing 2 Samuel Williston, *Williston on Contracts* §§ 320, 336, at 649–657, 697–706 (3d ed. 1959) (explaining that while at early common law the rule was that co-obligors were jointly liable, the modern trend both in statute and judicial decision is towards implying joint and several liability)); see also General Refractories Co. v. First State Ins. Co., 500 F.3d 306, 314 (3d Cir. 2007) ("We have recognized that where liability is joint and several among multiple parties, a court may grant complete relief with respect to any one of them."). Of course, Plaintiff may only obtain one total recovery for his $230,000.00 claim, and any apportionment of liability among the Defendants for that amount is an issue to be raised between them.

magistrate judge with regard to Plaintiff's claims against the sole answering Defendant, Billor Jabbie.[4]

At Camden, New Jersey

        s/ Noel L. Hillman
        NOEL L. HILLMAN, U.S.D.J.

---

[4] See Farzetta v. Turner & Newall, Ltd., 797 F.2d 151, 154 (3d Cir. 1986) (explaining that it is inappropriate to enter a default judgment against one defendant when other defendants in the same case have prevailed, except where the plaintiff claims joint and several liability of the defendants) (citing In re Uranium Antitrust Litigation, 617 F.2d 1248, 1256–58 (7th Cir. 1980) (explaining that because liability in antitrust cases was joint and several, nonliability of some defendants would not preclude logically liability of other defendants).

4