```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MICHAEL OKPOR, | No. 1:19-9914 |
|     Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| KANDE DABO, et al. | |
|     Defendants. | |

**HILLMAN**, District Judge

    WHEREAS, on May 27, 2021, the Court ordered that Plaintiff show cause within 20 days as to why Plaintiff's complaint should not be dismissed for lack of prosecution; and

    WHEREAS, the twenty-day deadline expired on June 11, 2021, but to date, Plaintiff has failed to respond to the Court's Order to Show Cause or otherwise contact the Court; and

    WHEREAS, when dismissing an action based on lack of prosecution grounds, the court typically must weigh the six factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 867-868 (3rd Cir. 1984).  However, "when a litigant's conduct makes adjudication of the case impossible, such balancing under Poulis is unnecessary," Shipman v. Delaware, 381 F. App'x 162, 164 (3d Cir. 2010)(citing Guyer v. Beard, 907 F.2d 1424, 1429-30 (3d Cir. 1990); Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994)); see also Doe v. Megless, 654 F.3d 404, 411 (3d Cir. 2011)(holding the District Court did

not clearly err in determining that "[b]ecause Doe's conduct makes adjudication of the case impossible, dismissal pursuant to Rule 41(b) is appropriate, even without consideration of the *Poulis* factors"); and

WHEREAS, this case falls into the category of cases identified by the Third Circuit where no extensive Poulis analysis is required.  Local Civil Rule 10.1 requires Plaintiff to provide the Court with an up-to-date mailing address.  On April 1, 2021, the Court filed an Amended Scheduling Order, which scheduled a telephone status conference for April 22, 2021.  The Amended Scheduling Order was sent to Plaintiff to the address provided by Plaintiff.  The Amended Scheduling Order was returned to the Court as "undeliverable" and Plaintiff has failed to provide the Court with an updated address as required by Local Rule 10.1.  For these reasons, the Court issued an Order to Show Cause why this matter should not be dismissed for lack of prosecution.  Despite the Court's Order, Plaintiff did not respond to the Order and has not otherwise contacted the Court since February 14, 2020 and has failed to appear for two status conferences scheduled before Magistrate Judge Matthew J. Skahill.  Given the failure to provide a current address, Plaintiff has made adjudication of this matter impossible and the sanction of dismissal is warranted, McLaren v. New Jersey Dep't of Educ., 462 F. App'x 148, 149 (3d Cir. 2012) ("Therefore, we conclude that the District Court did not abuse

its discretion in dismissing the case as a sanction for McLaren's failure to provide the Court with an accurate mailing address."); but

WHEREAS, in the alternative, a balancing of the Poulis factors also favors dismissal. In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Third Circuit outlined the following factors that should be considered prior to dismissing a case: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. "[N]o single *Poulis* factor is dispositive [and] not all of the *Poulis* factors need be satisfied in order to dismiss a complaint," Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008) (citations and internal quotation marks omitted); and

WHEREAS, the Court finds that Plaintiff's failure to update his mailing address, failure to attend the scheduled status conferences before Magistrate Judge Matthew J. Skahill, and failure to respond to the Order to Show Cause demonstrate: (1) Plaintiff is personally responsible for his inaction as he is proceeding pro se; (2) Defendants are prejudiced by a civil

action pending against them that Plaintiff fails to prosecute; (3) Plaintiff has failed to contact the Court or otherwise appear in this action since February 2020; and (4) no sanction other than dismissal would be effective based on Plaintiff's failure to respond to this Court's Order, Plaintiff's failure to pursue his case, and the fact Plaintiff is proceeding pro se and has applied to proceed in forma pauperis. Accordingly, the Court finds that factors one two, three, and five weigh in favor of dismissing Plaintiff's case; and

WHEREAS, with regard to the fourth factor, there are insufficient facts to warrant an inference of bad faith or willfulness. Under this factor, the Court must consider whether the conduct was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." Adams v. Trs. of N.J. Brewery Emps. Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir. 1994) (citations and internal quotation marks omitted). Generally, "[w]illfulness involves intentional or self-serving behavior." Briscoe, 538 F.3d at 262 (citing Adams, 29 F.3d at 875). "If the conduct is merely negligent or inadvertent, the Court will not call the conduct 'contumacious.'" Id. (quoting Poulis, 747 F.2d at 868-69). While Plaintiff may be inexcusably negligent for failing to update his address, or otherwise prosecute his case in any meaningful way, that is not enough to meet the Poulis standard of willfulness, id.; and

4

WHEREAS, with regard to the sixth factor, "[g]enerally, in determining whether a plaintiff's claim is meritorious, we use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." Briscoe, 538 F.3d at 263.  The Court determined in its 1915 screening that Plaintiff's claims sufficiently stated a claim for relief when reviewing the facts in the light most favorable to Plaintiff.  In addition, the Court ordered the Clerk of the Court to enter default judgment against Defendants Kande Dabo and Carlo Shipping International Inc.  "A fortiori, these claims surpassed the Rule 12(b)(6) motion to dismiss standard, and under the *Poulis* analysis, his claims are deemed to have merit."  Id.  The sixth factor does not weigh in favor of dismissal; and

WHEREAS, this Court finds that the Poulis factors, when considered as a whole, weigh in favor of dismissing Plaintiff's case;

THEREFORE,

IT IS HEREBY on this 22nd day of June, 2021

ORDERED that Plaintiff's Complaint, be and the same hereby is, DISMISSED for lack of prosecution; and it is further

ORDERED that the Clerk of the Court shall mark this matter as CLOSED.

Date: June 22, 2021         s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.