UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

MICHAEL OKPOR,

    Plaintiff,

v.

KANDE DABO, et al.,

    Defendants.

1:19-cv-9914-NLH-MJS

**OPINION**

---

**APPEARANCES:**

MICHAEL OKPOR
PO BOS 604
BERLIN, NJ 08009

    *Plaintiff appearing pro se*

BILLOR JABBIE
125 STRANGER AVENUE
GLASSBORO, NJ 08028

    *Defendant appearing pro se*

**HILLMAN**, District Judge

    This matter comes before the Court by way of motions for summary judgment, [Docket Numbers 34 and 59], and a motion to transfer, [Dkt. No. 51], filed by *pro se* Plaintiff Michael Okpor. The motions are opposed by *pro se* Defendant Billor Jabbie. The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court will deny Plaintiff's motions without

prejudice.

In early 2017, Plaintiff claims he entered into a shipping agreement with Defendants. (Complaint, Dkt. No. 2, at 1-3). On March 20, 2017 and April 10, 2017, Defendants, acting as Plaintiff's shipping agents, arrived at his New Jersey storage facilities to pick up two shipping containers purportedly containing, among other things, automotive and truck parts worth at least $230,000. (Id. at 3.) Plaintiff alleges Defendants were supposed to ship the containers to an unspecified African county, but they breached the agreement by diverted the containers to an undisclosed, different African county. (Id.) Plaintiff further alleges that the Defendants then impermissibly sold the containers' contents and pocketed the funds, thereby committing a "conspiracy" and "theft of goods" for a total loss of $287,500. (Id.)

On March 7, 2019, Plaintiff filed the instant complaint requesting damages of $287,500. (Id.) The case originated in the United States District Court for the Eastern District of Pennsylvania, where that Court *sua sponte* transferred the matter to this Court based on the issue of venue. (Order, Dkt. No. 4.) The Eastern District of Pennsylvania Court determined that the United State District Court for the District of New Jersey, Camden vicinage is the proper venue as Plaintiff's claims concern events that occurred in New Jersey. (Id.) Plaintiff

2

opposed the ruling, filing an objection to transfer, [Dkt. No. 5], but the request was received after the case had already been transferred and the case has proceeded here.  (Order, Dkt. No. 6.)

On April 17, 2019, in a Memorandum Opinion and Order, this Court granted Plaintiff's request to proceed *in forma pauperis*. (Order, Dkt. No. 8, at 4.)  Although the Court rejected Plaintiff's contention of subject matter jurisdiction based on diversity of citizenship per 28 U.S.C. § 1332(a), the Court determined it has subject matter jurisdiction through admiralty jurisdiction under 28 U.S.C. § 1333 because the underlying contract concerned Plaintiff's agreement with shipping agents to transport his goods by sea.  (Id. at 3-4.)

On August 24, 2020, the Court issued a second Memorandum Opinion and Order, entering a judgment of default, pursuant to Fed. R. Civ. P. 55(b)(1), in favor of Plaintiff against Defendants Kande Dabo and Carlo Shipping International, Inc. each in the sum of $230,000.  (Order, Dkt. No. 20.)  However, as the Court explained, discovery and the case in general were still to proceed against the sole answering Defendant Billor Jabbie.  (Id. at 3-4.)

On July 26, 2021, Plaintiff filed his first motion for summary judgment.  (Motion for Summary Judgment 1 ("MSJ1"), Dkt. No. 34.).  The motion, which is threadbare at best and replete

3

with bald assertions unsupported by citations to the record, case law, or any rules, claims summary judgment should be granted because: (1) Jabbie conspired with the other defendants to defraud Plaintiff of the shipping containers and their contents; (2) Jabbie's answer to the complaint was late and failed to include a certification of service; (3) Jabbie failed to provide answers to interrogatories; and (4) Jabbie refused to communicate with Plaintiff and has disregarded the Court's rules.[1] (Id., Certification of Michael Okpor, at ¶¶ 1-5.)  On

---

[1] Plaintiff's request for summary judgment based upon Defendant Jabbie's failure to respond to interrogatories and refusal to communicate with Plaintiff are not a proper basis to seek summary judgment because the record does not establish that Plaintiff is prejudiced by Jabbie's alleged refusal to cooperate in discovery.  As this issue concerns a discovery dispute, the correct procedure was for Plaintiff to move to compel Jabbie's response and to seek sanctions for the alleged conduct.  L. Civ. R. 37.1(a)(2).  If the Court found sanctions appropriate, such that Plaintiff was irreparably prejudiced and the record supported the ultimate sanction of dismissal or even striking an answer, then, upon a properly pled motion, the Court would be able to address the requested relief, such as summary judgment.  See Curtis v. Besam Grp., No. 05-cv-2807 (DMC), 2008 WL 1732956 (D.N.J. Apr. 10, 2008).  Rather, the parties' submissions demonstrate a lack of familiarity with the judicial process, standards of proof, and the need for an evidentiary basis.  Based on this unfamiliarity and coupled with Jabbie's alleged refusal to cooperate, the Court will order that discovery in this case conform to the procedural dictates of Local Civil Rule 37.1(a)(1).  Therefore, moving forward and specifically as concerns Jabbie's failure to respond to discovery, the parties shall meet and confer on this issue pursuant to Local Civil Rule 37.1(a)(1).  If the parties fail to resolve the instant discovery dispute, then Plaintiff should present the dispute in a letter to the Magistrate Judge, who may schedule a status

September 29, 2021, Jabbie appears to have untimely filed opposition to the motion, though it is unclear if his letter was instead filed in opposition to the Memorandum Opinion and Order regarding judgment of default.  (Jabbie Letter, Dkt. No. 46.)  Regardless, Jabbie contends Plaintiff's claims are "all fabrication, no merit to his claims and will be ready to prove in the Court."  (Id.)  On February 16, 2022, Plaintiff again moved for summary judgment.  (Motion for Summary Judgment 2 ("MSJ2"), Dkt. No. 59.)  Plaintiff again emphasized that summary judgment should be granted for the same reasons set forth in Plaintiff's MSJ1.

Under Federal Civil Procedure Rule 56(a), a party may move for summary judgment, identifying each claim, or the part of

---

conference to resolve the issue between the parties.  L. Civ. R. 37.1(a)(1).  Should this also prove ineffective, Plaintiff may seek leave of the Magistrate Judge to file a formal motion to compel Jabbie's responses to interrogatories.  Id.  The issue of compliance and any appropriate sanctions are left to the sound discretion of the Magistrate Judge.

Second, Plaintiff's motion is also premised upon Jabbie's allegedly untimely answer.  While this is an invalid basis for summary judgment, the Court notes that to the extent Plaintiff seeks default judgment, this would also be denied as procedurally defective and because there exists a long-standing preference for decisions made "on the merits rather than on technicalities."  Dole v. Arco Chem. Co., 921 F.2d 484, 486-87 (3d Cir. 1990).  Specifically, Plaintiff has plainly received a copy of Jabbie's answer and has not asserted any prejudice from the late filing.  Thus, Plaintiff fails to present a valid basis as to why the case should not proceed on the merits of the claims and defenses asserted.

each claim, on which summary judgment is sought. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Federal Rules and this Court's Local Rules provide the requirements for a procedurally and substantively proper motion for summary judgment. Federal Civil Procedure Rule 56 instructs:

> (a) Motion for Summary Judgment or Partial Summary Judgment.
>
> A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
>
> (c) Procedures.
>
>   (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>     (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

>       (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
>    (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
>    (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
>
>    (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(a) and (c).

This District's Local Civil Rule 56.1(a) requires that on motions for summary judgment the moving party shall provide the Court with a statement of all material facts not in dispute. L. Civ. R. 56.1(a). These facts shall be set forth in "separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion." L. Civ. R. 56.1(a). The purpose of the Rule 56.1 statement is for the parties to identify the facts relevant to the pending motion so the Court may determine whether a genuine dispute exists without having to first engage in a lengthy and timely review of the record.

Vibra-Tech Engineers, Inc. v. Kavalek, 2011 WL 111417, at *2 (D.N.J. 2011).

The Local Rule specifically provides that a motion unaccompanied by "a statement of material facts not in dispute shall be dismissed."  L. Civ. R. 56.1(a); see also Kee v. Camden County, 2007 WL 1038828, at * 4 (D.N.J. 2007) ("A moving party's failure to comply with Rule 56.1 is itself sufficient to deny its motion"); Bowers v. Nat'l Collegiate Athletic Ass'n, 9 F. Supp. 2d 460, 476 (D.N.J. 1998) ("This failure to comply with the Local Civil Rule would by itself suffice to deny [defendant's] motion for summary judgment.").  The Federal Rule permits the Court to order the same relief.  See Fed. R. Civ. P. 56(e)(4) ("If a party fails to properly support an assertion of fact . . . issue any other appropriate order.").

Plaintiff's motion for summary judgment must be denied for two fundamental reasons.  First, Plaintiff has failed to support his motion with a Local Civil Rule 56.1 statement.  This Court has previously noted, "Local Civil Rule 56.1 serves an important purpose both procedurally and substantively. It focuses the parties on the facts material to the dispute.  It allows the court, with the help of the parties, to isolate those facts for the purpose of applying the appropriate legal standard or controlling precedents.  Without compliance with the Rule, the Court is left to sift through often voluminous submissions in

search of-sometimes in vain-the undisputed material facts. In short, if the parties do not provide the appropriate statements and respond forthrightly to their opponent's submissions, the process of summary judgment breaks down. For that reason, the Rule provides that a motion that does not comply with the Rule 'shall' be denied." Owens v. American Hardware Mut. Ins. Co., 2012 WL 6761818, at *3 (D.N.J. 2012).

Second, Plaintiff has failed to support his motion with any materials or evidence to remotely establish the existence of a contract between the parties, let alone the existence of his two shipping containers that purported contained hundreds of thousands of dollars' worth of automotive and truck parts. Although MSJ1 and MSJ2 both include attached documents, such as bank statements (most of which are nearly illegible) and receipts, Plaintiff has failed to explain and establish what these documents are, let alone how he can prove his case – which does not set forth cognizable claims beyond a purported breach of contract and conversion. Given Plaintiff's failure to cite to any legal authority and the paucity of evidence beyond threadbare, bald assertions, there is noting presently before this Court that could reach the standards to justify granting summary judgment.[2]

---

[2] Defendant Jabbie's opposition to the motions is similarly defective. Defendant obviously could not provide a responsive

In addition, Plaintiff has also moved to transfer this matter back to the United States District Court for the Eastern District of Pennsylvania. (Motion for Transfer, Dkt. No. 51.) Plaintiff explains that he moves to transfer "simply because this court decline to hear my motion for Summary of Judgment back since June this this [sic] year." (Id. at 1.) Plaintiff provides no other basis for transfer and cites to no legal authorities to support his motion.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); see also Sinochem Int'l Co. v. Malaysia Int'l Shipping

---

Local Rule 56.1 statement because of Plaintiff's failure to provide his Local Rule 56.1 statement. See L. Civ. R. 56.1(a) ("The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion."). Defendant had the option, although it is not a requirement, to file his own Local Rule 56.1 supplemental statement, but he did not do so. See id. ("[T]he opponent may also furnish a supplemental statement of disputed material facts, in separately numbered paragraphs citing to the affidavits and other documents submitted in connection with the motion, if necessary to substantiate the factual basis for opposition.").

Corp., 549 U.S. 422, 430 (2007); Stewart Org., Inc. v. Richo Corp., 487 U.S. 22, 29 (1988) (finding that Section 1404(a) "is intended to place discretion in the district court to adjudication motions for transfer according to an individualized case-by-case consideration of convenience and fairness") (citation omitted).  The moving party bears the burden of showing a need for transfer.  In re Amendt, 169 F. App'x 93, 96 (3d Cir. 2006) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)).

When considering a motion to transfer under § 1404(a), district courts weigh both the enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, and interests of justice), but also the "private and public interests" to determine which forum would more conveniently facilitate the litigation and better service the interests of justice.  See Jumara, 55 F.3d at 879.  These private interests include:

- Plaintiff's forum preference as manifested in the original choice;

- Defendant's preference;

- Whether the claim arose elsewhere;

- The convenience of the parties as indicated by their relative physical and financial condition;

- The convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and

11

- The location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

The public interests include:

- The enforceability of the judgment;

- Practical considerations that could make the trial easy, expeditious, or inexpensive;

- The relative administrative difficulty in the two fora resulting from court congestion;

- The local interest in deciding local controversies at home;

- The public policies of the fora; and

- The familiarity of the trial judge with the applicable state law in diversity cases.

Id. at 879-80 (citations omitted).

As Plaintiff has failed to present any basis, let alone address the above guiding rules, the Court find he has failed to carry his burden to demonstrate that transfer is needed, let alone warranted.

Consequently, on procedural and substantive grounds, Plaintiff's motions for summary judgment and for transfer must be denied.  An appropriate Order will be entered.


Date: March 11, 2022                s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.