**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

MICHAEL OKPOR,

        Plaintiff,

   v.

KANDE DABO, et al.,

        Defendants.

1:19-cv-9914-NLH-MJS

**OPINION AND ORDER**

---

**HILLMAN**, **District Judge**

    WHEREAS, following the transfer of this matter from the United States District Court for the Eastern District of Pennsylvania, (ECF 4), the Court granted Plaintiff's application to proceed in forma pauperis, (ECF 8); and

    WHEREAS, on August 24, 2020, the Court entered default judgment against Defendants Kande Dabo and Carlo Shipping International Inc. in the sum of $230,000.00 and ordered for the matter to proceed to discovery as to Defendant Billor Jabbie, (ECF 20); and

    WHEREAS, on May 27, 2021, the Court entered an order to show cause why the action should not have been dismissed for failure to prosecute following Plaintiff's failure to appear for telephone conferences or provide the Court with an updated address, (ECF 27); and

WHEREAS, the Court later dismissed the case both under Local Civil Rule 10.1 for apparent failure to provide an updated address and upon consideration of the factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984), (ECF 28), and thereafter vacated its dismissal order and re-opened the case following Plaintiff's representation that his mailing address was up to date, (ECF 30); and

WHEREAS, in a December 13, 2022 order, Magistrate Judge Matthew J. Skahill set forth discovery deadlines and scheduled an in-person hearing for January 18, 2023, (ECF 70), the notice for which was mailed to Plaintiff's post office box but was unclaimed, (ECF 81); and

WHEREAS, Plaintiff did not attend the January 18, 2023 hearing, (ECF 77), and only after the fact attributed his absence to an illness, (ECF 79); and

WHEREAS, a notice of call for dismissal was entered pursuant to Local Civil Rule 41.1(a) on November 3, 2023, (ECF 83) and, on that same day, Judge Skahill scheduled an in-person conference to address outstanding discovery, (ECF 84); and

WHEREAS, Plaintiff did not appear for the discovery conference, (ECF 85), or respond to the notice of call for dismissal; and

WHEREAS, the Local Civil Rules provide that a civil case which has been pending for more than ninety days without any

2

proceedings must be dismissed for lack of prosecution by the Court's own motion or upon notice from the Clerk absent good cause shown, see L. Civ. R. 41.1(a); and

WHEREAS, Courts must generally consider the Poulis factors prior to dismissing an action; however, such consideration is unnecessary when dismissal is without prejudice, see Foreman v. Previziz, No. 2:13-CV-5807, 2015 WL 1931453, at *1 (D.N.J. Apr. 27, 2015) (citing Choi v. Kim, 258 F. App'x 413, 417 n. 5 (3d Cir. 2007)) (discussing involuntary dismissal pursuant to Federal Rule of Civil Procedure 41(b)); see also Allyn Z. Lite, N.J. Fed. Prac. & Rules, L. Civ. R. 41.1, cmt. 2 (Gann 2023) ("The [Poulis] factors need not be considered where the dismissal is without prejudice." (collecting cases)); and

WHEREAS, in light of Plaintiff's repeated failure to make appearances as ordered or prosecute this case, including no filings made by Plaintiff in 309 days, the Court concludes that dismissal without prejudice is appropriate.

THEREFORE,

IT IS HEREBY on this  30th   day of  November, 2023

**ORDERED** that this action shall be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute, and it is further

**ORDERED** that the Clerk shall mark this matter as **CLOSED**.

At Camden, New Jersey  
                                        s/ Noel L. Hillman  
                                        NOEL L. HILLMAN, U.S.D.J.